**Keith D. Karnes**, Oregon State Bar ID Number 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JASON CLARE MCBRIDE AND REBECCA LYNN MCBRIDE | Case No. |
| Plaintiffs, v. | COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT |
| TRS RECOVERY SERVICES, INC. | JURY REQUESTED |
| Defendants | |

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here.

## PARTIES

4. Plaintiff Jason Clare McBride (hereinafter "Plaintiff") is a natural person who resides in the City of Salem, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Rebecca Lynn McBride (hereinafter "Plaintiff") is a natural person who resides in the City of Salem, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant TRS Recovery Services, Inc. (hereinafter "Defendant") operating from an address of 6200 S. Quebec Street Greenwood Village, CO 80111 is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff Jason McBride operated a law practice previously located at 1247 Commercial Street, SE Salem, OR 97302.

8. In September of 2008 Plaintiff Jason McBride received collection notices from Defendant requesting payment for bounced checks made to Walgreens.

9. Plaintiffs do not make check payments at Walgreens.

10. The bounced checks listed Jason McBride as maker of the checks.

11. The bounced checks were from West Coast Bank in Salem, Oregon.

12. Plaintiffs have never had, nor currently have, a West Coast Bank account.

13. An Oregon driver's licence number was handwritten on the checks which did not and does not belong to Plaintiffs.

14. The signature conformed on the checks did not belong to Plaintiffs.

15. On September 22, 2008 Plaintiff Jason McBride wrote to Defendant informing it he was a victim of identity theft and to cease and desist all collection activity.

16. Plaintiff Rebecca McBride received repeated phone calls from Defendant while at home. Defendant's calls woke Plaintiffs' small children while napping and interfered with Plaintiffs and their children's daily schedule.

17. In July of 2009 Plaintiff Jason McBride faxed an identity theft affidavit to Defendant informing it that the bounced checks were not his. Plaintiff also explained he never banked at West Coast Bank, did not write checks at Walgreens, and the signature and drivers licence number listed on the checks were not his.

18   As a direct and proximate result of Defendant's actions Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, worry, frustration, among other negative emotions.

## TRIAL BY JURY

19. Plaintiffs are entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

20. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of defendant constitute numerous and multiple

violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2)A, 1692f.

22.    As a result of defendant's violations of the FDCPA, plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every defendant;

for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every defendant;

DATED: January 12, 2010

/s/ Keith D. Karnes
Keith D. Karnes
OSB # 03352
503-362-9393
Attorney for Plaintiff