Jeffrey I. Hasson, OSB#872419
hasson@dhlaw.biz
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
Attorney for Defendant Affiliated Credit Services, Inc.

Hon. Ann Aiken

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JASON CLARE MCBRIDE AND REBECCA LYNN MCBRIDE,<br><br>      Plaintiff,<br><br>vs.<br><br>AFFILIATED CREDIT SERVICES, INC., ET AL,<br><br>      Defendant. | Case No. 6:10-CV-06015-AA<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT AFFILIATED'S MOTION FOR SUMMARY JUDGMENT |

### 1. Summary of Argument

Defendant Affiliated Credit Services, Inc. (Affiliated) is entitled to Summary judgment on upon the grounds that the alleged representation made on April 15, 2010 could never be a violation of Fair Debt Collection Practices Act, 15 USC § 1692 et seq. (FDCPA) because Affiliated committed no acts that violated the same, or the Telephone Consumer Protection Act, 47 USC § 227 (TCPA) because there is no liability for calling a residence under the TCPA.

### 2. Points and Authorities

#### a. Background

Plaintiff Jason McBride (JM) is an Oregon lawyer.

PAGE 1. MEMORANDUM IN SUPPORT OF DEFENDANT AFFILIATED'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Rebecca Lynn McBride (RM) is JM's wife.

Affiliated is a Minnesota corporation, and is not related to any Colorado corporation.

On or about 1/20/09, Affiliated was assigned two accounts for worthless checks from Walgreens with the maker showing Jason C. McBride.  The address showed a Salem Oregon address (1247 Salem), and the phone number with last four digits 2631.  It also had a driver's license with last four digits 2311 and expiration date for the ODL in 2008.

JM's residence phone number has the last four digits of 8020 (McBride 8020).

Between 2/13/09 and 7/8/09, messages were left on McBride 8020 on an answering machine for JM to contact Affiliated.  JM did not contact Affiliated in any way until 7/10/09.

On 7/10/09, JM contacted Affiliated, and told Affiliated in a recorded call that Affiliated need to stop calling JM because he was a victim of identity theft.  JM called from a number that is different that McBride 8020.  The transcript is filed with the documents in support of this Motion.

JM failed to provide any fraud affidavit to Affiliated so further messages were left for JM at McBride 8020.  JM failed to further respond to Affiliated.

On 1/15/10, the Complaint against TRS was filed.

Plaintiffs originally filed a complaint in this action against TRS alleging violations of the same sections [Doc. 1].  After finding their allegations were false, Plaintiffs dismissed TRS, and made the same allegations against Affiliated and Affiliated Credit Services, Inc. a Corporation of Colorado dba Affiliated Credit Services, Inc. (Colorado Affiliated) and served Affiliated.

On 4/29/10, the Amended Complaint against Affiliated was filed.

**b.    Preliminary statement about the FDCPA.**

The purpose of the FDCPA is "… to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 USC § 1692 (e).

PAGE 2.        MEMORANDUM IN SUPPORT OF DEFENDANT AFFILIATED'S MOTION
                        FOR SUMMARY JUDGMENT

The purpose of the FDCPA, to provide information that helps consumers to choose intelligently, would not be furthered by creating liability as to immaterial information because by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).  <u>Donohue v. Quick Collect, Inc.</u>, 592 F.3d 1027, 1033 (9th.Cir. 2010).

### c.      15 USC § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. … 15 USC § 1692d.

The calls to JM had no other purpose other than to communicate with JM about the checks written in his name.

The messages on an answering machine do not have the natural consequence to harass, oppress or abuse any individual when Affiliated did not get any response to its messages.

Therefore, the claim under 15 USC § 1692d against Affiliated must be dismissed.

### d.      15 USC § 1692e.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  …  15 USC § 1692e.

There is no allegation that the phone messages contained any false representation. To the contrary, the messages were an attempt to communicate with the person who wrote the bad checks.

JM finally responded and informed Affiliated that it had the wrong person, but failed to respond with any fraud affidavit.  JM even called from a number other than McBride 8020.

The Court requires a material false representation in order for it to be actionable under 15 USC § 1692e (10) according to *Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010).*

PAGE 3.        MEMORANDUM IN SUPPORT OF DEFENDANT AFFILIATED'S MOTION
               FOR SUMMARY JUDGMENT

Whether conduct violates § 1692e requires an objective analysis that considers whether the least sophisticated debtor would likely be misled by a communication. *Donohue v. Quick Collect, Inc., 592 F.3d at 1033.*

A false or misleading statement is not actionable under § 1692e unless it is material. Materiality is defined as "if a statement would not mislead the unsophisticated consumer, it does not violate the [Act]—even if it is false in some technical sense." *Donohue v. Quick Collect, Inc., 592 F.3d at 1033.*

In *Donohue v. Quick Collect, Inc., supra,* the Court found that the debt collector did not violate § 1692e when the collector's Complaint correctly calculated the total debt owed even though $32.89 was labeled as 12% interest on principal and was actually comprised of finance charges of $24.07 and post-assignment interest of $8.82.

JM knew he did not owe the debt. Therefore, it could not be a material misrepresentation if JM knew he did not owe the Affiliated debt.

As a result, Affiliated could never violate 15 USC § 1692e.

> **e.    15 USC § 1692f.**

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. …" 15 USC § 1692f.

There is no unfair means to contact a debtor by leaving a message.

There are many parts of the FDCPA that speculate that sometimes a third person will be contacted. For example, a debtor under the FDCPA that receives a first notice has an opportunity to dispute the debt within 30 days of the initial communication. 15 USC § 1692g.

Nothing in the FDCPA prohibits the contact of an incorrect party when the incorrect party chooses not to inform the debt collector that the person contacted is the incorrect party.

The messages are neither unfair nor unconscionable, and it is not the intent under the act to punish a mistakenly contacted individual.

There could never be a violation of 15 USC § 1692f under the facts of this case.

> **f.    TCPA**

PAGE 4.     MEMORANDUM IN SUPPORT OF DEFENDANT AFFILIATED'S MOTION
            FOR SUMMARY JUDGMENT

The FCC in its 1992 Order held that prerecorded debt collection calls to residences are not subject to liability typically imposed on telemarketing calls because of the exemptions for (1) an existing business relationship (EBR) and (2) commercial calls that do not adversely affect privacy rights and which do not transmit an unsolicited advertisement. (1992 Order, ¶39)   These exemptions are set forth in 47 C.F.R. § 64.1200(c)(2), 64.1200(c)(3) and 64.1200(f)(3).  That these are separate grounds for exemption on behalf of the debt collection industry were reinforced by the FCCs 2003 Order, whereby the FCC stated that even if an Established Business Relationship was terminated, a debt collector could proceed with calls, as such calls are not solicitations nor include unsolicited advertisements."   (2003 Order, ¶113).

As a result, calls to residences by debt collectors can never be subject to liability under the TCPA, and JM's complaint under the TCPA must be dismissed.

### e.    Conclusion

Affiliated is entitled to Summary judgment as a matter of law against plaintiff dismissing the Complaint against Affiliated.

DATED:  November 5, 2010

DAVENPORT & HASSON, LLP

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, OSB#872419
(503) 255-5352
(503) 255-6124 (FAX)
hasson@dhlaw.biz
Of Attorneys for Affiliated

PAGE 5.    MEMORANDUM IN SUPPORT OF DEFENDANT AFFILIATED'S MOTION
FOR SUMMARY JUDGMENT

Certificate of Service

     I hereby certify that on <u>November 5, 2010,</u> I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  <u>Keith D. Karnes</u> and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  <u>     </u>.

<u>s/ Jeffrey I. Hasson</u><br>
Jeffrey I. Hasson, OSB#872419<br>
Attorney for Affiliated<br>
Davenport & Hasson, LLP<br>
12707 NE Halsey St.<br>
Portland, OR 97230<br>
Phone: (503) 255-5352<br>
Facsimile: (503) 255-6124

Page 1.    CERTIFICATE OF SERVICE