**KEITH D. KARNES**, OREGON STATE BAR ID  # 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
3995 Hagers Grove Road SE
P.O. Box 12829
Salem, OR  97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375
Attorney for plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JASON CLARE MCBRIDE and REBECCA LYNN MCBRIDE,<br><br>                       Plaintiffs,<br>           vs.<br><br>AFFILIATED CREDIT SERVICES, INC., a Corporation of Colorado dba AFFILIATED CREDIT SERVICES, INC., and AFFILIATED CREDIT SERVICES,<br><br>                       Defendants. | Case No.   6:10-CV-06015-AA<br><br>RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiffs respond to defendant's motion for summary judgment as follows:

BACKGROUND

Defendant is one of multiple debt collectors who have attempted to collect from plaintiffs for dishonored checks.  Plaintiffs are not completely certain if the checks were written on an account created by an identity thief or if the checks were written by another Jason McBride. However, the checks were drawn on West Coast Bank and plaintiffs have had no accounts at West Coast Bank.

Each time a debt collector would speak to either of the plaintiffs the plaintiffs would

Page 1- RESPONSE TO MOTION FOR SUMMARY JUDGMENT

dispute owing any debt; yet the defendant and its predecessors have continued to demand payment from plaintiffs. The defendant in this matter used a prerecorded voice and would call plaintiffs' home repeatedly in an attempt to collect from plaintiffs.

## ANALYSIS

The defendant has violated several provisions of the FDCPA. The FDCPA is designed to protect those who do not owe debts from being collected upon. See 15 U.S.C. § 1692g (giving the debtor the right to dispute owing the debt); 1692a(3) (defining a consumer as a person who is "allegedly obligated to pay a debt" (indicating Congress intent to protect those who actually do not actually owe the debt).

A debt collector is strictly liable if it is attempting to collect a debt that a consumer does not owe. Section 1692e of the FDCPA forbids the false, deceptive, or misleading representation or means in connection with the collection of a debt. 15 U.S.C. § 1692e. Defendant violated § 1692e when it attempted to collect from the plaintiffs who did not owe the debt to it.

The Ninth Circuit expressly recognizes the strict liability of a debt collector who violates § 1692e. <u>Clark v. Capital Credit & Collection Serv</u>., 460 F. 3d 1162, 1175-1176 (9th Cir. 2006)(internal citations omitted):

> As our colleagues in other circuits have concluded, this broad language seems to make the FDCPA a strict liability statute.
>
> Latching onto that conclusion, the Seventh Circuit has held that "§ 1692e applies even when a false representation was unintentional." The Second Circuit has adopted a similar position.
>
> We agree with the Second and Seventh Circuits. Requiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c).
>
> Therefore, when a debt collector violates § 1692e by attempting to collect a debt that is

not owed it is strictly liable. Because plaintiff does not owe the debt, defendant is liable for attempting to collect from plaintiffs.

Defendant attempts to avoid liability by claiming that the attempts to collect from a person who does not owe the debt are immaterial false statements. However, nothing is more material than a debt collector identifying the correct person from whom to collect. Defendant's argument taken to the next logical step would be that it is immaterial to file suit against a person who does not owe the debt. Certainly the defendant would not take this position if it were sued for the wrongful collection activities of another debt collector.

Further, defendant's reliance on Donohue is misplaced. Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010). In Donohue, the debt collector, "correctly calculated the total debt Donohue owed, accurately stated the principal owed, and accurately listed the total non-principal amount owed inclusive of interest and finance charges." Id at 1033. However the debt collector mislabeled which amount of the debt was pre-assignment interest and which amount was a finance charge. Id.

Donohue supports the plaintiffs claim. "We have consistently held that whether conduct violates §§ 1692e or 1692f requires an objective analysis that considers whether 'the least sophisticated debtor would likely be misled by a communication.'" Id citing Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir.2007); Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1099-1100 (9th Cir.1996); Swanson v. S. Or. Credit Serv., Inc., 869 F.2d 1222, 1227 (9th Cir.1988).

For the defendant to avoid liability the Court must find that as a matter of law the least sophisticated consumer would not be mislead by the defendant's attempts to collect from the

Page 3- RESPONSE TO MOTION FOR SUMMARY JUDGMENT

plaintiffs. However, the least sophisticated consumer in this situation would likely be misled by the statement that he owes a debt despite the fact that he did not draw the check.

TCPA

The defendant in this matter has violated the TCPA. The TCPA forbids anyone, "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B); see also Erinet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 515 (3d Cir. 1998). Here, the defendant used a prerecorded voice to deliver a message to the plaintiffs. Therefore, unless the FCC has exempted the defendant's conduct, it has violated the TCPA.

Calls made to a non-debtor do not fit into any exemption created by the FCC. The FCC has created exemptions to the TCPA for those who call in regards to 1) an existing business relationship and 2) for commercial calls that do not adversely affect privacy. Here, there is no existing business relationship. Indeed, the plaintiffs have no relationship with the defendant nor its assignor. Plaintiffs did not make the checks that the defendant is collecting and therefore there can be no business relationship. As noted by one court, "[s]ince an erroneously called non-debtor has no such existing business relationship, it follows that the purview of the FCC's exemption does not extend to the type of calls made in this case." Watson v. NCO Group, Inc., 462 F. Supp. 2d 641, 644 (E.D. Pa. 2006).

Further, the second exemption does not apply to the facts in this case. Neither does the second exemption. "The fact is, by virtue of staying out of debt, a non-debtor has vastly greater

Page 4- RESPONSE TO MOTION FOR SUMMARY JUDGMENT

privacy rights than someone who has fallen into debt. While the FCC has declared that a debtor's privacy rights are not adversely affected when he receives debt collection calls, the Court is convinced that a non-debtor's rights are in fact violated when he is subjected to repeated annoying and abusive debt collection calls that he remains powerless to stop." Id at 644-645.

Indeed, the FDCPA was created because, "[a]busive debt collection practices contribute to *** invasions of individual privacy." 15 U.S.C. § 1692(a).  When defendant engaged in repeated phone calls with a prerecorded voice to collect a debt that the plaintiffs did not owe it invaded the plaintiffs' privacy.  As such, the defendant cannot avail itself of the FCC's exemption for those calls that do not invade a plaintiffs' privacy.

Wherefore, the plaintiffs request that the Court deny defendant's motion.

DATED December 16, 2010.

        /s/ Keith D. Karnes
Keith D. Karnes OSB # 033521
Attorney for plaintiffs