Jeffrey I. Hasson, OSB#872419    Hon. Ann Aiken
hasson@dhlaw.biz
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
Attorney for Defendant Affiliated Credit Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JASON CLARE MCBRIDE AND REBECCA LYNN MCBRIDE, <br><br> Plaintiffs, <br><br> vs. <br><br> AFFILIATED CREDIT SERVICES, INC., ET AL, <br><br> Defendant. | Case No. 6:10-CV-06015-AA <br><br> DEFENDANT ACS' RESPONSE TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |

ACS' Motion for Summary Judgment must be allowed because there are no genuine issues of material fact and ACS is entitled to judgment as a matter of law.

Plaintiffs attempts to argue facts and theories not supported by any evidence. Such actions by Plaintiffs show that Plaintiffs cannot prove any claim against ACS pleaded in the complaint.

**1. Procedural Background.**

On 1/15/10, the Complaint against TRS Recovery Services, Inc. (TRS) was filed. ACS was not named as a defendant in the original complaint.

PAGE 1.     DEFENDANT ACS' RESPONSE TO PLAINTIFFS' MEMORANDUM IN
            OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs originally filed a complaint in this action against TRS alleging violations of the same sections [Doc. 1]. After finding their allegations were false, Plaintiffs dismissed TRS, and made the same allegations against Affiliated and Affiliated Credit Services, Inc. a Corporation of Colorado dba Affiliated Credit Services, Inc. (Colorado Affiliated) and served Affiliated.

On 4/29/10, the Amended Complaint against Affiliated was filed [Doc. 11].

On 11/5/10, ACS Filed its Motion for Summary Judgment. [Doc. 19] and accompanying documents [Doc. 20-22]. The response was due 11/26/10. No response was timely filed, and no motion to extend the time to respond was filed.

On 12/6/10, ACS, through its attorney, asked the Court to allow ACS' motion for summary judgment since no response had been filed at that time.

On 12/17/10, Plaintiffs' attorney filed a memorandum in opposition to ACS' Motion for Summary Judgment [Doc. 25]. The memorandum was accompanied by a Letter to the Court from Plaintiffs' attorney. The letter stated " … Once I have conferred with Mr. Hasson, I will file a motion to allow the untimely response and therein explain why the response was delayed. …" [Doc. 25-1]. However, as of this filing, Plaintiffs' attorney has not communicated with ACS' attorney at all between 12/17/10, and the filing of this Motion (including no communication by email, and no communication by telephone), and there has been no Motion to Allow the Untimely Response filed.

There was no declaration filed by Plaintiffs in support of any of the alleged facts in the response, and there has been no response to ACS' Concise Statement of Material Facts [Doc. 22].

**2. Factual Background.**

ACS' facts are uncontroverted.

For purposes of a motion for summary judgment, material facts set forth in the concise statement of the moving party … will be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party. LR 56-1 (f).

ACS filed a Concise Statement of Material Facts as required by LR 56-1 (c). [Doc. 22].

PAGE 2.     DEFENDANT ACS' RESPONSE TO PLAINTIFFS' MEMORANDUM IN
            OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs failed to respond to ACS' Concise Statement of Material Facts. Plaintiffs failed to file a concise statement of material facts.

As a result, Plaintiffs has failed to respond with any facts that would show an issue of material fact such that ACS is entitled to Judgment as a matter of law.

### 3. Evidentiary Objections under LR 56-1 (g)

Opposition to a motion for summary judgment must include a separately filed response to the separate concise statement that responses to each numbered paragraph of the moving party's facts … LR 56-1 (b) (1).

After responding to the moving party's numbered paragraphs, the responding party may then articulate other relevant material facts which are at issue or are otherwise necessary for the Court to determine the motion for summary judgment. LR 56-1 (b) (2).

Plaintiffs never complied with LR 56-1.

The relevant material facts are set forth in ACS' Statement of Material Facts [Doc. 22], and show that there was no violation of the FDCPA, or TCPA.

ACS objects to the allegations in Plaintiffs' Response to Defendant's Motion for Summary Judgment [Doc. 25] as irrelevant, and without factual foundation because the only relevant facts are set forth in ACS' Statement of Material Facts. [Doc. 22].

Specifically, ACS objects to the statements in Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment [Doc. 25] set forth below as irrelevant and without factual foundation:

1. Defendant is one of multiple debt collectors who have attempted to collect from plaintiffs for dishonored checks.

2. Plaintiffs are no completely certain if the checks were written on an account created by an identity thief or if the checks were written by another Jason McBride.

3. The checks were drawn on West Coast Bank and plaintiffs have had no accounts with West Coast Bank.

4. Each time a debt collector would speak to either of the plaintiffs, the plaintiffs would dispute owing any debt.

5. Yet the defendant and its predecessors have continued to demand payment from plaintiffs.

6. The defendant in this matter used a prerecorded voice and would call plaintiffs' home repeatedly in an attempt to collect from plaintiffs.

There is no evidence in the record to support 1-6 above. The facts set forth above are additionally irrelevant because they are not relevant to the two issues pleaded in this case.

Therefore, the allegations objected to are irrelevant to the issues before the Court, and should be stricken under LR 56-1 (g).

### 4. Burden Shifts to Plaintiffs under Summary Judgment Standard.

Plaintiffs are obligated to controvert ACS' declarations in a summary judgment proceeding. .Conclusory allegations unsupported by factual data will not create a triable issue of fact. *Marks v. United States (Dep't of Justice), 578 F.2d 261, 263 (9th Cir. 1978).*

No affidavits were presented by Plaintiffs. As a result, ACS is entitled to judgment as a matter of law because their allegations are uncontroverted.

### 5. Failure to State a Claim on TCPA.

Plaintiffs are mistaken as to liability under the TCPA.

In addition to the argument made it ACS' Motion that calls to landlines are exempt, the following argument shows that calls in this matter are also exempt from liability under the TCPA.

Pursuant to its rule making authority, the FCC established rules exempting call made for debt collection purposes from the purview of the TCPA. *47 CFR § 64.1200.*

*Meadows v. Franklin Collection Service, 2010 US Dist. LEXIS 72340 (N.D.Ala. 2010)* states that "The exception is based on the established business relationship between the parties. *7 FCC rcd 8752, 8753 (1992).* The FCC has made clear 'all debt collection circumstances involve a prior or existing business relationship. In addition, we tentatively concluded that debt

PAGE 4.     DEFENDANT ACS' RESPONSE TO PLAINTIFFS' MEMORANDUM IN
            OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

collection calls are exempt from the TCPA's prohibitions against prerecorded message calls because they are commercial calls which do not convey an unsolicited advertisement and do not adversely affect residential subscriber rights.' *7 FCC rcd 8752, 8771-8772 (1992)*."

Calls mistakenly placed to a person for debt collection purposes are exempt from application of the TCPA. *Meadows v. Franklin Collection Service, supra; Cellco Partnership v. Dealers Warranty, LLC, 2010 US Dist. LEXIS 106719 (D.NJ 2010); Leyse v. Bank of America, 2010 US Dist. LEXIS 58461 (S.D.NY 2010).*

Further, the Court has no standing as to a non-debtor TCPA claim.

> The irreducible constitutional minimum of standing, rooted in Article III's case-or controversy requirement, consists of three elements: (1) injury in fact, by which is meant an invasion of a legally protected interest; (2) causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. The legally protected interest may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing. Accordingly, standing is gauged by the specific common-law, statutory or constitutional claims that a party presents. *Leyse v. Bank of America, supra, quoting Fulton v. Goord, 591 F.3d 37, 41 (2d.Cir. 2009).*

In *Leyse v. Bank of America, supra,* a non-debtor who answered a telephone call intended for a debtor sought recovery under the TCPA. The court stated that "The issue in this case is whether the defendant's alleged violation of the TCPA was an invasion of the plaintiff's legally protected interest such that the plaintiff has suffered an injury in fact sufficient for standing."

The "called party" has standing to bring suit against a person or entity that violates the TCPA, even if the called party has suffered no actual harm. *Leyse v. Bank of America, supra;* See 47 USC § 227 (b)(1)(B).

The *Leyse v. Bank of America, supra,* Court found that an unintended and incidental recipient of the call does not have standing to bring suit under the TCPA.

This holding is consistent with *Cellco Partnership v. Dealers Warranty, LLC, supra,* and *Meadows v. Franklin Collection Service, Inc., supra.* In *Meadows v. Franklin Collection Service, Inc., supra,* the court dismissed a non-debtor's cell phone claim for reasons consistent with the non-debtor's lack of standing.

PAGE 5.    DEFENDANT ACS' RESPONSE TO PLAINTIFFS' MEMORANDUM IN
            OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs cannot show an invasion of a "legally protected interest" when the calls from ACS were not intended for Plaintiffs.

Because the statutory provision that Plaintiffs' claim rests upon does not prohibit ACS' calls or grant a person in Plaintiffs' position the right to sue, Plaintiffs lacks constitutional standing to bring a TCPA claim. As a result, the Court does not have subject matter jurisdiction over the TCPA claim and the motion to certify the TCPA class must be denied. *Leyse v. Bank of America, supra; Walters v. Edgar, 163 F.3d 430, 435 (7th Cir. 1998); McCarter v. Retirement Plan for Dist. Managers of American Family Ins. Group, 2007 WL 4333979, *6, *9 (W.D. Wis. 2007)* (where plaintiffs did not allege actual harm or show invasion of legally protected interest, they did not have constitutional standing to bring claims under ERISA; court therefore dismissed case and denied motion for class certification); *see also Crosby v. Bowater Incorporated Retirement Plan for Salaried Employees of Great Northern Paper Inc., 382 F.3d 587, 597 (6th Cir. 2004)* (same).

There is no basis in law or fact for Plaintiffs' TCPA Claim.

### 6. FDCPA Claims.

The Arguments and supporting documents set forth in ACS' Motion for Summary Judgment defeat the claims under the FDCPA made by Plaintiffs in their complaint as they are uncontroverted.

### 7. Conclusion.

The Court should sustain ACS' objections to Plaintiffs' response, and allow ACS' Motion for Summary Judgment and dismiss the case against ACS because there are no issues of material fact and ACS is entitled to judgment as a matter of law.

DATED: December 29, 2010.

DAVENPORT & HASSON, LLP

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, OSB#872419
(503) 255-5352
hasson@dhlaw.biz
Of Attorneys for ACS

PAGE 6.    DEFENDANT ACS' RESPONSE TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Certificate of Service

      I hereby certify that on <u>December 29, 2010</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: <u>Keith D. Karnes</u> and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: _____.

      <u>s/ Jeffrey I. Hasson</u>
Jeffrey I. Hasson, OSB#872419
Attorney for ACS
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz

PAGE 1.    CERTIFICATE OF SERVICE