FILED'11 MAR 06 11:04USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON CLARE MCBRIDE and
REBECCA LYNN MCBRIDE,

        Plaintiffs,

  vs.

AFFILIATED CREDIT SERVICES,
INC., a Corporation of Colorado
dba AFFILIATED CREDIT SERVICES
INC., and AFFILIATED CREDIT
SERVICES,

        Defendant.

Civil No. 10-6015-AA
OPINION AND ORDER

Keith D. Karnes
Olsen, Olsen & Daines, LLC
3995 Hagers Grove Road SE
P.O. Box 12829
Salem, OR 97309
    Attorney for Plaintiffs

Jeffrey I. Hasson
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, Oregon 97230
    Attorney for Defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiffs Jason and Rebecca McBride filed suit against Affiliated Credit Services, Inc. alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA). Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56 on both claims. For the reasons given below, defendant's motion is GRANTED.

## I. BACKGROUND

Defendant Affiliated Credit Services, Inc. is a Minnesota corporation conducting business in Oregon.[1] In January 2009 defendant was assigned two accounts for bad checks written by a person named Jason McBride with a Salem, Oregon address. Between February 13, 2009, and July 8, 2009, defendant left an unspecified number of messages on the answering machine of a phone number identified as "McBride 8020" regarding checks written under the name McBride.

On July 10, 2009, Jason McBride (McBride) called defendant and requested that the company stop calling him. He told the defendant that the account in question was not his and that he was the victim of identity theft. Graves Decl., ¶ 6. Defendant did not receive

---

[1] Plaintiffs' amended complaint lists two defendants - a Colorado corporation and a Minnesota corporation. However, defendant declares that it is unrelated to any Colorado corporations. Graves Decl., ¶ 3. Plaintiffs do not provide any rebuttal evidence in response. Therefore, the court refers to Affiliated Credit Services, Inc. as the sole defendant in this case.

2 - OPINION AND ORDER

any other communications from McBride. Thereafter, defendant left additional messages on the McBride 8020 answering machine.

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must resolve all reasonable doubts as to the existence of genuine issues of material fact against the moving party and construe all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630. However, the Ninth Circuit has refused to find a genuine issue of fact where the only evidence presented is "uncorroborated and self-serving" testimony. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996).

///

///

3 - OPINION AND ORDER

## III. DISCUSSION

A. Fair Debt Collection Practices Act

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The FDCPA is a strict liability statute that 'makes debt collectors liable for violations that are not knowing or intentional.'" Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting Reichert v. Nat'l Credit Sys., Inc., 531 F.3d 1002, 1005 (9th Cir. 2008)).[2]

Section 1692e of the FDCPA prohibits debt collectors from making "false representations of the character ... or legal status of any debt" in conjunction with debt collection.[3] § 1692e(2)(A). A debt collector violates § 1692e "if the least sophisticated debtor would likely be misled by a communication from [the] debt

---

[2] The FDCPA covers a person who, like McBride, denies that he owes a debt. See § 1692a(3) (defining a consumer as someone who is "obligated or allegedly obligated to pay a debt"); Id. § 1692k(a) (authorizing claims against "any debt collector who fails to comply with any provision of this subchapter with respect to any person").

[3] Plaintiffs' complaint also alleges violations of § 1692d and § 1692f, however plaintiffs do not address liability under these sections in their response to defendant's motion for summary judgment. Therefore, I deem the claims under those sections waived.

4 - OPINION AND ORDER

collector." Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007) (internal quotations and citations omitted). However, "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [§] 1692e." Donohue, 592 F.3d at 1033 (mislabeling a $32.89 combination of finance charges and post-assignment interest as "interest on principal" did not constitute a material misrepresentation).

Therefore, in order show that defendant violated § 1692e by attempting to collect from McBride, plaintiffs must show that defendant made a material false representation that would mislead the least sophisticated consumer. Plaintiffs contend that defendant violated § 1692e by leaving messages and attempting to collect a debt from plaintiffs that they did not owe. However, defendant argues that plaintiffs have not supplied any proof that the messages were false representations, and additionally, that calls to non-debtors regarding a debt are not material representations.

I disagree with defendant's argument that attempting to collect from a non-debtor constitutes an immaterial representation. If plaintiffs had presented evidence that defendant's messages attributed a debt to McBride, which they have not, I could not find as a matter of law that such a misrepresentation is immaterial. An unsophisticated consumer who received a call declaring that debt

5 - OPINION AND ORDER

was owed in his name could be misled into thinking that he owed a debt for which he was not responsible. See <u>Dutton v. Wolhar</u>, 809 F.Supp. 1130, 1136 (D. Del. 1992).

However, plaintiffs present no evidence that defendant's representations were false characterizations of the legal status of the debt. Plaintiffs allege that McBride was the victim of identity theft and never opened the account in question, but they provide no evidence to this court to show that the defendant targeted the wrong person. In fact, plaintiffs present no evidence of defendant's actual representations to McBride. To defeat defendant's summary judgement motion, plaintiff must support the allegations in his complaint "by citing to ... depositions, documents, ... affidavits or declarations, ... or other materials...." Fed. R. Civ. P. 56(c); <u>see</u> <u>Hughes v. United States</u>, 953 F.2d 531, 542 (9th Cir. 1992) (summary judgment appropriate when non-moving party presented no evidence). Plaintiffs have submitted nothing, not even an affidavit, to support their claim.

Therefore, without evidence that defendant made a false representation to plaintiffs, a jury could not find that defendant's communications to plaintiffs constituted a violation of the FDCPA. Thus, summary judgment for defendant is proper.

<u>B. Telephone Consumer Protection Act</u>

Plaintiffs also claim that defendant's messages violated the

TCPA. Under the TCPA it is unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call ... is exempted by rule or order by the [Federal Communication Commission]...." 47 U.S.C. § 227(b)(1)(B); see also 47 C.F.R. § 64.1200(a)(2) (2010). The Commission "may, by rule or order, exempt ... (i) calls that are not made for a commercial purpose; and (ii) such classes or categories of calls made for commercial purposes as the Commission determines ... will not adversely affect the privacy rights that this section is intended to protect ... [and] do not include the transmission of any unsolicited advertisement[.]" 47 U.S.C. § 227(b)(2)(B).

Regulations implementing the TCPA create exemptions for commercial calls when a caller has an established business relationship with the person called, and for calls that are not unsolicited advertisements or telephone solicitations. 47 C.F.R. § 64.1200(a)(2)(iii)-(iv). In its 1992 Order regarding implementation of the TCPA, the Commission stated that debt collection calls "are adequately covered by exemptions ... for commercial calls which do not transmit an unsolicited advertisement and for established business relationships." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 71 Rad. Reg. 2d (P & F) 445, ¶ 39, FCC

7 - OPINION AND ORDER

92-443 (October 16, 1992) (explaining why separate exemptions for debt collectors were unnecessary).

Plaintiffs argue that debt collection calls to non-debtors are not covered by the exemptions, and thus, the calls to their home violated the TCPA. While I certainly agree that non-debtors lack a prior business relationship with a debt collector, according to the Commission debt collection calls are not solicitations or advertisements and thus fall within a recognized exemption. Even if the court were to agree with plaintiffs and other courts that non-debtors should be treated differently, see Watson v. NCO Group, Inc., 462 F. Supp. 2d 641, 644 (E.D. Pa. 2006), plaintiffs have not provided evidence that McBride is a non-debtor with respect to defendant.

## IV. CONCLUSION

Plaintiffs' claims under the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act fail as a matter of law. Therefore, defendant's motion for summary judgment (doc. #19) is GRANTED.

IT IS SO ORDERED.

Dated this 3RD day of March 2011.

_____
Ann Aiken
United States District Chief Judge